IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASAN FAROOQ SHAIKH,<br><br>　　　　Plaintiff(s),<br><br>　vs.<br><br>ALBERTO GONZALES, et al.,<br><br>　　　　Defendant(s).<br>_____/ | No. C 07-0506 MEJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Plaintiff Hasan Farooq Shaikh ("Plaintiff") moves for summary judgment on his claim for an order compelling Defendants to adjudicate his application for adjustment of immigration status. Defendants oppose Plaintiff's motion and cross-move for summary judgment. The Court finds this matter suitable for decision without a hearing. Having considered the papers filed by the parties and relevant legal authority, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendants' cross-motion for summary judgment.

## BACKGROUND

On December 14, 2005, Plaintiff submitted an I-485 application with the United States Citizenship and Immigration Services ("USCIS") seeking adjustment of his immigration status to lawful permanent resident. As part of its review of Plaintiff's application, the USCIS submitted Plaintiff's name to the Federal Bureau of Investigation ("FBI") on December 29, 2005 for a background security check. Plaintiff's name check request initially was electronically checked

1 against the FBI's Universal Index on the same date, which resulted in "hits," indicating a match with
2 FBI records residing in various field offices and/or FBI headquarters. (Decl. of Michael Cannon ¶
3 41.) After this, the FBI conducted a secondary manual name search and a preliminary file review to
4 locate paper files and to determine whether files were germane to Plaintiff's name. *Id.* Plaintiff's
5 name check request was then sent to the final stage of the review process, the dissemination phase,
6 where the review and analysis of FBI files takes place. *Id.* Plaintiff's name check is currently
7 pending in this dissemination phase. *Id.* Thus, the FBI has not yet completed Plaintiff's background
8 check, and the USCIS has not provided an estimate of when it expects the check will be completed.
9 Plaintiff's application is currently pending, and will be adjudicated once the USCIS receives the
10 results of the FBI's background check.

**LEGAL STANDARD**

12 Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered "if
13 the pleadings, depositions, answers to interrogatories, and admissions on file, together with the
14 affidavits, if any, show that there is no genuine issue as to any material fact and that the moving
15 party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. An issue of fact is genuine
16 only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *Anderson*
17 *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). At the summary judgment stage, evidence must
18 be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be
19 drawn in the nonmovant's favor. *Id.* at 255.

20 Where the plaintiff has the ultimate burden of proof, it may prevail on a motion for summary
21 judgment only if it affirmatively demonstrates that there is no genuine dispute as to every essential
22 element of its claim. *River City Mkts., Inc. v. Fleming Foods W., Inc.*, 960 F.2d 1458, 1462 (9th
23 Cir.1992). In contrast, where the plaintiff has the ultimate burden of proof, the defendant may
24 prevail on a motion for summary judgment simply by pointing to the plaintiff's failure "to make a
25 showing sufficient to establish the existence of an element essential to [the plaintiff's] case."
26 *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Both parties agree that this case can be disposed
27 of on summary judgment.

**DISCUSSION**

**I.     The Court's Power to Compel Defendants to Act**

Defendants argue that the Court may not force them to act on Plaintiff's I-485 application because adjustment of status is a discretionary, non-discrete action that cannot be compelled under either the federal mandamus statute or the APA.

The standard for relief under the Mandamus Act and § 706 of the APA is for all practical purposes the same. *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 (9th Cir. 1997). Mandamus is an extraordinary remedy pursuant to which a court may compel an officer of the government "to perform a duty owed to the plaintiff." 28 U .S.C. § 1361. The Ninth Circuit has held that mandamus is available when: "(1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 832 (9th Cir. 2002).

Under § 706(1) of the APA, a court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The APA further provides that agencies must conclude matters before them "within a reasonable time." 5 U.S.C. § 555(b). In *Norton v. South Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004), the Supreme Court held that a plaintiff states a claim for relief under § 706(1) when he "asserts that an agency failed to take a discrete agency action that it is required to take."

Here, the Court notes that the Immigration and Naturalization Act gives the Secretary of the DHS the discretion to adjust an applicant's status, and neither the Act nor applicable regulations impose a particular time-frame on the decision. *See* 8 U.S.C. § 1255(a); 8 C.F.R. § 245 et seq. However, even though the outcome and procedural underpinnings of an I-485 adjudication are left to the discretion of the Secretary, a number of judges in this District have held that the Secretary does not have the discretion to refuse to adjudicate the application altogether. *See Toor v. Still*, 2007 WL 2028407 at *1 (N.D.Cal.) (collecting cases). Thus, "there is a difference between the [USCIS's] discretion over *how* to resolve an application and the [USCIS's] discretion over *whether* it resolves

3

an application." *Singh v. Still*, 470 F. Supp. 2d 1064, 1068 (N.D.Cal. 2007) (emphasis in original).

Here, Plaintiff does not seek an order mandating that his status be adjusted; he requests only that the Court compel the Secretary to discharge his duty to adjudicate Plaintiff's application without unreasonable delay. Thus, the Court finds that an order compelling the USCIS to process his application promptly would not impermissibly interfere with the agency's discretion. *See, e.g., Yu v. Chertoff*, 2007 WL 1742850 at *2 (N.D. Cal.) (compelling the government to process an unreasonably delayed immigration petition); *see also Baker v. Still*, 2007 WL 1393750 (N.D. Cal.); *Quan v. Chertoff*, 2007 WL 1655601 (N.D. Cal.). Defendants cite no precedent sufficient to persuade the Court to take a different position here.

Defendants' point that they are not statutorily obligated to adhere to any particular time-frame in adjudicating I-485 applications is well-taken. It is true that the USCIS's discretion to set the procedures by which it adjudicates these applications gives it some flexibility in determining the timing of a decision. However, each adjudication must ultimately be completed within a reasonable amount of time. "To accept Defendants' argument that timing is always a matter of discretion beyond the Court's power to intervene would enable them to avoid judicial review even of adjudications that were postponed indefinitely. This would eviscerate § 706(1) of the APA, which clearly gives the Court the power to 'compel agency action ... unreasonably delayed.'" *Clayton v. Chertoff*, 2007 WL 2904049, at *5 (N.D. Cal.). Accordingly, the Court finds that it has the authority under the Mandamus Act and the APA to compel Defendants to promptly adjudicate Plaintiff's petition for adjustment of status.

## II.     Reasonableness of Defendants' Delay

As discussed above, the Court finds that USCIS has a non-discretionary duty to process Plaintiff's I-485 application within a reasonable amount of time. The question then becomes whether USCIS's delay of more than one year is reasonable under the circumstances.

"What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." Gelfer v. Chertoff, 2007 WL 902382 at *2 (N.D.Cal.) (quoting Yu v. Brown, 36 F.Supp.2d at 932). In determining whether there has been

4

unreasonable delay in processing an application for adjustment of immigration status, courts typically look "to the source of the delay - e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." Singh, 470 F.Supp.2d at 1068.

Many of the cases in which summary judgment has been granted in favor of a plaintiff seeking adjudication of an I-485 application involve facts similar to those here. In nearly every case, the delay in processing the application was due to an uncompleted FBI background check. Judges in this district have found that, under normal circumstances, a delay of approximately two years due to an uncompleted FBI background check is unreasonable as a matter of law. *See, e.g., Dong*, 2007 WL 2601107; *Huang v. Chertoff*, 2007 WL 1831105 (N.D.Cal.). Thus, as Plaintiff filed his I-485 application approximately two years ago, on December 14, 2005, the Court finds the delay in processing his application unreasonable as a matter of law.

Defendants assert that the background check is a complex process that is vital to maintaining national security. They also point to the FBI's limited resources and maintain that the USCIS is making every effort to address the delay. The Court accepts that these considerations rightly factor into an evaluation of the reasonableness of Defendants' delay. However, Defendants cannot simply point to a pending FBI background check to establish that any delay in processing an I-485 application is reasonable. National security interests and the complexity of the background check process can only excuse reasonable delay. Defendants have provided no particularized facts to suggest that these concerns apply with special force to Plaintiff's application or that his name check is otherwise subject to special circumstances. Moreover, the USCIS is not without the power to speed up the adjudication of Plaintiff's application. Indeed, the agency maintains a policy whereby it may request that the FBI expedite a particular name check if certain criteria are met. (Cannon Decl. ¶ 19.) Accordingly, the Court finds that Defendants have procedures in place to promptly complete Plaintiff's adjudication application.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED and

5

Defendants' cross-motion for summary judgment is DENIED.  The Court ORDERS Defendants to complete processing of Plaintiff's application forthwith.

**IT IS SO ORDERED.**

Dated: December 3, 2007

MARIA-ELENA JAMES
United States Magistrate Judge